IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WESLEY HARRIS, JR., }
}
    Plaintiff, }
}
v. } CIVIL ACTION NO.
} 03-AR-0640-S
}
JOHN E. POTTER, POSTMASTER }
GENERAL, }
}
    Defendant. }

FILED
04 FEB 27 PM 3:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 27 2004

### MEMORANDUM OPINION

Before the court is the motion of defendant, John E. Potter, Postmaster General (hereinafter referred to as "Postal Service"), for summary judgment filed on December 1, 2003. On March 20, 2003, plaintiff, Wesley Harris, Jr. ("Harris"), a former employee of the Postal Service, filed this action alleging that the Postal Service violated his rights under the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Harris makes three claims: (1) discriminatory conduct in violation of the Rehabilitation Act; (2) retaliation for engaging in an activity protected by the Rehabilitation Act; and (3) discriminatory conduct in violation of the ADEA.

#### Background

Harris worked at the Birmingham main post office while employed with the U.S. Postal Service. Harris suffered from a



permanent hip condition called myositis ossificans, which caused him to occasionally miss work to go see his doctor. In April 1996, Harris was given a seven day suspension for "Failure to Maintain a Regular Work Schedule."

Following his suspension, Harris filed a complaint with the Postal Service, and requested a hearing before an administrative judge.[1] On February 20, 2002, the administrative judge assigned to Harris' case entered an acknowledgment order requiring Harris to provide the court with specific information on his case.[2] Harris failed to respond to the acknowledgment order. As a result, the administrative judge returned Harris' case to the Postal Service for a final agency decision. On December 18, 2002, the Postal Service dismissed the case pursuant to 29 C.F.R. § 1614.107. That regulation provides that "the agency shall

---

[1] The record indicates that Harris initially requested a hearing before an administrative judge, and then withdrew his request and asked for a decision without a hearing. The Postal Service then issued a final agency decision that was adverse to Harris. Harris appealed the decision to the EEOC claiming that his signature was forged on the request for a decision without a hearing. Due to a "lack of clarity and corroboration and because an original copy of the request for a [final agency decision] was not included in the file or produced on appeal," the EEOC remanded the complaint and said that Harris was entitled to a hearing before an administrative judge.

[2] The requested information included: an itemized list of damages, all evidence upon which a claim for compensatory damages would be based, a list of witnesses and their expected testimony, notification to the administrative judge if Harris objected to a decision without a hearing, and an outline of proposed facts which would warrant a decision for Harris.

2

dismiss an entire complaint...[w]here the agency has provided the complaintant with a written request to provide relevant information...and the complaintant has failed to respond to the request...." 29 C.F.R. § 1614.107(a)(7).[3] The dismissal notified Harris that if he was dissatisfied with the result, he could "file a civil action in an appropriate U.S. District Court...." Harris filed the instant case in this court on March 20, 2003.

## Analysis

The Postal Service argues that summary judgment is due to be granted on all of the claims, because Harris failed to exhaust his administrative remedies. The court will first deal with that argument has it applies to the Rehabilitation Act and retaliation claims, and then will turn to the ADEA claim.

*Rehabilitation Act and Retaliation Claims*

"A federal employee must pursue and exhaust [his] administrative remedies as a jurisdictional prerequisite to filing a [Rehabilitation Act] action." *Crawford v. Babbit*, 186 F.3d 1322, 1326 (11th Cir. 1999); 29 C.F.R. § 1614.103 (indicating that claims under the Rehabilitation Act are subject to the same administrative procedures as Title VII claims). "Where an agency or the EEOC requests information relevant to

---

[3] The final agency decision actually cites 29 C.F.R. § 1614.107(g). However, § 1614.107(g) was amended and replaced by § 1614.107(a)(7).

3

resolving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust [his] administrative remedies." *Crawford*, 186 F.3d at 1326. However, in evaluating whether the employee has exhausted his administrative remedies,

> [t]he court must keep in mind that the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. *Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.*

*Wade v. Secretary of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986) (emphasis supplied).

In his affidavit submitted in response to the Rule 56 motion, Harris swore that he never received the February 20, 2002 acknowledgment order. Harris Aff. ¶ 3. Harris said this despite the fact that the order included a certificate of service indicating that the order was sent to his home address.[4] Harris said he did, however, receive a March 20, 2002 order notifying him that his case had been transferred from Judge Jill Lolley Vincent to Judge Clarence Bell. *Id.* Harris said that after receiving the March 20, 2002 order, he "promptly" contacted Judge Bell *via* telephone to discuss his case.[5] *Id.* According to

---

[4] According to Judge Clarence Bell, the order was not returned as being undeliverable or because of insufficient address.

[5] Harris was unrepresented by counsel at the time.

4

Harris, Judge Bell informed Harris that there would not be a hearing in his case, because he did not respond to the February 20, 2002 acknowledgment order.[6] *Id.* Harris also said that Judge Bell instructed Harris not to call him anymore. *Id.* Harris complied with this request. *Id.* In a letter dated July 16, 2002, almost five months after the February 20, 2002 order, Judge Bell returned Harris' case to the Postal Service indicating that Harris waived his right to a hearing by not complying with the February acknowledgment order. As noted previously, on December 18, 2002, the Postal Service issued its final agency decision and dismissed Harris' case.

The Postal Service has not attempted to refute Harris' version of the facts. If Harris' statements, that he never received the February 20, 2002 order and that he was told not to contact the court, are true, this court cannot conclude that he did not act in good faith. In his affidavit, Harris swore that he is "very passionate about defending [his] rights in this case...[and that his] diligence in pursuing his legal rights would not have allowed [him] to permit a cause [he] feel[s]

---

[6] It is unclear to this court why Judge Bell would tell Harris, during their phone conversation in March 2002, that Harris would not get a hearing for failing to comply with the February 20, 2002 order. The order gave Harris 95 days from February 20 to provide the requested information. In fact, in Judge Bell's letter returning the case to the Postal Service for a final agency decision, he notes that Harris had 95 days to respond to the February 20, 2002 order.

5

strongly about to be decided adversely on account of inexcusable neglect." *Id.* ¶ 4. Based on the evidence before the court, this court cannot conclude that Harris has not made a good faith effort to cooperate with the Postal Service. A triable fact issue is presented if the Postal Service wants to draw the line with its non-exhaustion defense. It is not a Rule 56 matter.

### ADEA Claim

Under the ADEA, a federal employee has the option of pursing his ADEA claim in two ways. First, he can "by-pass the administrative procedure altogether, and by giving thirty days' notice of intent to sue the agency, he may proceed directly to federal court." *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991); 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a). Second, he can proceed administratively until a final administrative decision has been issued, and then file a civil suit in a U.S. District Court. *See Wrenn v. Secretary Dep't Veteran Aff.*, 918 F.2d 1073, 1078 (2d Cir. 1990); 29 C.F.R. § 1614.201(c). The Postal Service issued its final agency decision on December 18, 2002, thus permitting Harris to file the instant case.[7]

### Conclusion

By separate order, the defendant's motion for summary

---

[7] Any argument that Harris did not exhaust his administrative remedies for his ADEA claim is foreclosed by the court's analysis on Harris' Rehabilitation Act and retaliation claims.

6

judgment will be denied.

DONE this __27th__ day of February, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE